**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**SAMUEL M. JAMES,**

    **Plaintiff,**

v.                                                                     Case No: 5:12-CV-452-Oc-32PRL

**LOWELL MCADAM, THOMAS R. PENALUNA and PAUL E. LEARY**

    **Defendants.**

## ORDER

Pending before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2), which the Court construes as a Motion to Proceed *In Forma Pauperis*. The Court has reviewed Plaintiff's Motion (Doc. 2) and Complaint (Doc. 1). For the reasons discussed below, the Court will **DEFER** ruling on Plaintiff's Motion (Doc. 2) until Plaintiff has been given an opportunity to file an amended complaint and the Court can make a determination concerning the sufficiency of Plaintiff's amended complaint.

### I. Background

Plaintiff alleges that this action arises out of a telephone account he maintained with Verizon. Although it is difficult to glean from Plaintiff's Complaint his specific arguments, it appears that Plaintiff disputed an account balance of $112.37 with Verizon, which Verizon apparently separated into two accounts, and subsequently reported to CBE Group, Inc. and later to EOS CCA (collectively, the "Collectors"). Plaintiff also appears to argue that it was error for the Collectors to inquire into his credit

history.  As a result, Plaintiff has sued Verizon and the Collectors attempting to state various claims under the Consumer Credit Protection Act (15 U.S.C. § 1601, *et. seq.*).[1]

## II. <u>Discussion</u>

Prior to determining whether Plaintiff qualifies to proceed *in forma pauperis,* the Court has authority, pursuant to 28 U.S.C. §1915(e)(2), to review Plaintiff's Complaint to determine whether his claims have merit or whether the Complaint should be dismissed on some other ground.  Section 1915(e) provides that a district court may dismiss a case filed *in forma pauperis* if the court is satisfied that the action is frivolous or fails to state a claim upon which relief may be granted.  Although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even a *pro se* litigant must allege the essential elements of the claims for relief.  *Tigner v. Internal Revenue Service*, No. 1:99-CV-789-TWT, 2000 WL 641614, at *1 (N.D. Ga. March 24, 2000).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief."

Here, even viewing the Complaint in the light most favorable to Plaintiff and liberally construing the allegations, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted.  Plaintiff will, however, be granted an opportunity to clarify his allegations in an amended complaint.

---

[1] Notably, Plaintiff directs his Complaint to Mr. Lowell McAdam, CEO of Verizon; Mr. Thomas Penaluna, President of CBE Group, Inc.; and Mr. Paul Leary, CEO of EOS CCA.  It is unclear whether Plaintiff intends to proceed against the companies, the individuals, or both.  **Plaintiff should clarify who he is suing in his amended complaint.**

**A. Consumer Protection Statutes**

Plaintiff is attempting to assert one or more claims under one or more consumer protection statutes, including: the Fair Credit Billing Act ("FCBA"), the Fair Credit Reporting Act ("FCRA"), and the Fair Debt Collection Practices Act ("FDCPA").[2]

First, Plaintiff contends that Verizon's placement of his unpaid balance with the Collectors violates 15 U.S.C. § 1692e of the FDCPA. (Doc. 1, ¶ 2.) Section 1692e of the FDCPA explicitly enumerates 16 types of representations that amount to per se violations of the FDCPA. However, the FDCPA only applies to debt collectors. *See Bentley v. Bank of America*, 773 F. Supp. 2d 1367, 1371 (S.D. Fla. Mar. 23, 2011); *see also Ingram v. Green & Cooper, Attorneys L.L.P*, 2012 WL 1884598, at *3 (N.D. Ga. Apr. 20, 2012) (citing *Humphrey v. Wash. Mut. Bank, FA.*, No. 1:06-cv-1367-JOF, 2007 WL 1630639, at *2 (N.D. Ga. June 1, 2007)). Here, Plaintiff has failed to demonstrate that Verizon is a debt collector within the meaning of the FDCPA.

Next, Plaintiff appears to present two arguments under the FCRA. First, Plaintiff contends that the Collectors' inquiries into his credit violate 15 U.S.C. § 1681q. (Doc. 1, ¶ 5.) Second, Plaintiff states that since the inquires will remain on Plaintiff's credit - and affect his credit - that Verizon and the Collectors are subject to 15 U.S.C. § 1681n. (Doc. 1, ¶ 6.)

Verizon and the Collectors are, however, "furnishers of information." *See Lofton-Taylor v. Verizon Wireless*, No. 05-0532-CG-B, 2006 WL 3333759, at *4 (S.D. Ala. 2006) (finding that "Verizon clearly does not constitute a consumer reporting agency, but instead is a 'furnisher of information.'"); *Bosarge v. T-Mobile USA, Inc.*, No. 07-

---

[2] The Fair Credit Billing Act, Fair Credit Reporting Act, and Fair Debt Collection Practices Act are all part of the larger Consumer Credit Protection Act.  *See* 15 U.S.C. § 1601, *et. seq.*

0012-CG-C, 2008 WL 725017, at *3 (S.D. Ala. Mar. 17, 2008) (finding that a debt collector is not a consumer reporting agency, but rather is a "furnisher of information"). Under the FCRA, a private right of action can be brought against a "furnisher of information" where the plaintiff demonstrates that a furnisher has failed to comply with 15 U.S.C. § 1681s-2(b). *See Lofton-Taylor*, 2006 WL 3333759, at *5 (finding that "[t]he only provision under which plaintiff could allege a private right of action against Verizon, as a furnisher of information, is § 1681s-2(b)"); *see also Bosarge*, 2008 WL 725017, at *3 (finding that "the only provision under which plaintiff could allege a private right of action against [the debt collector] as a furnisher of information is § 1681s-2(b)"). However, in order to trigger the furnisher's responsibilities under 15 U.S.C. § 1681s-2(b), "the consumer must have notified the furnisher of a dispute about the inaccuracy of the credit report." *Sampson v. Washington Mut. Bank*, 453 Fed. App'x 863, 867 (11th Cir. 2011); *Peart v. Shippie*, 345 Fed. App'x 384, 2009 WL 2435211, at *1-2 (11th Cir. 2009). Here, because Plaintiff has failed to allege facts sufficient to support a claim under 15 U.S.C. § 1681s-2(b), and is not - it appears - even attempting to proceed under that theory of liability, he has not stated a claim under the FCRA.

Third, Plaintiff presents three arguments under the FCBA.[3] (Doc. 1, ¶¶ 1, 3, 4.) First, Plaintiff argues that Verizon violated 15 U.S.C. § 1666(b)(4) by separating the $112.37 into two separate accounts. (Doc. 1, ¶ 1.) Second, Plaintiff argues that Verizon violated 15 U.S.C. §§ 1666(a) and 1666(b) by placing these two separate accounts with the Collectors. (Doc. 1, ¶ 3.) Lastly, Plaintiff contends that Verizon violated 15 U.S.C. § 1666(d) by closing the two disputed accounts. (Doc. 1, ¶ 4.)

---

[3] The Fair Credit Billing Act is part of the larger Truth in Lending Act.

The FCBA only applies to "open end consumer credit plans." *Stroman v. Bank of America Corp.*, 852 F. Supp. 2d 1366, 1374 (N.D. Ga. 2012). An "open end consumer credit plan" is "a plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance." 15 U.S.C. § 1602(j). The typical example of an open-end credit plan is a credit card account. *See Canaday v. Household Retail Servs., Inc.*, 119 F. Supp. 2d 1258, 1262 (M.D. Ala. Oct. 24, 2000). Here, Plaintiff fails to allege facts sufficient to demonstrate that a utility or telephone account, held with Verizon, would be an open end consumer credit plan.

**B. General Pleading Requirements**

Finally, Plaintiff's Complaint does not contain a short plain statement of the claim as required by Rule 8, Fed. R. Civ. P. Nor does it delineate the alleged claims into counts or some other organized manner. The complaint must identify each of the laws Plaintiff claims that each one of the Defendants violated in <u>separate</u> counts of the complaint, and <u>for each count</u>, identify in separate numbered paragraphs the pertinent facts which support the contention that the defendant acted in violation of the law.

Moreover, in addition to the Court's responsibility under 28 U.S.C. § 1915(e)(2) to review the complaint to determine whether it states a claim, a district court also has the authority *sua sponte*, to require a plaintiff to file an amended complaint if the original complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. *See e.g., Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996). In this case, Plaintiff shall be required to submit an amended complaint that complies with Rule 8.

### III. Conclusion

In amending his complaint, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a claim (or claims) under the relevant law. <u>If Plaintiff is able to file an amended complaint</u>, the amended complaint must contain all of Plaintiff's (amended) allegations and should not in any way refer to the original complaint. The amended complaint will completely replace the original complaint, which thereafter will be disregarded. Plaintiff should file the amended complaint with an original signature with the Court and keep an identical copy for himself. Plaintiff need not file service copies until instructed to do so by the Court.

Plaintiff shall file his amended complaint **on or before November 12, 2012**. (Notably, in lieu of filing an amended complaint, Plaintiff may opt to pay the appropriate filing fee.)

**Plaintiff is further advised that failure to file an amended complaint as discussed in this Order will result in a recommendation that Plaintiff's Motion to Proceed *In Forma Pauperis* be DENIED and that Plaintiff's Complaint be DISMISSED**.

Additionally, Defendant - Verizon has filed a Motion to Quash Service of Process and Motion to Dismiss. (Doc. 6.) However, until Plaintiff's Motion (Doc. 2) has been ruled on, service is not effective. As such, Defendant-Verizon's Motion (Doc. 6) is terminated at this time.

**IT IS SO ORDERED**.

**DONE** and **ORDERED** in Ocala, Florida on October 23, 2012.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies to:

Counsel of Record
Unrepresented Parties